UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO. 1:11 cv 215 HSO-JMR |
| OF OMEGA PROTEIN, INC., AS | * | |
| OWNER OF F/V SANDY POINT, | * | JUDGE OZERDEN |
| FOR EXONERATION FROM AND/OR | * | |
| LIMITATION OF LIABILITY | * | MAGISTRATE ROPER |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND CLAIM OF EURUS LONDON, LLC
### TO THE COMPLAINT OF OMEGA PROTEIN, INC.

Claimant, Eurus London LLC ("Eurus"), by and through its undersigned counsel, files

this Claim and Answer to the Complaint for Exoneration from and/or Limitation of Liability

of Omega Protein, Inc. (hereinafter "Omega"), upon information and belief, as follows:

### ANSWER

For specific Answer to the Complaint of Omega for Exoneration from and/or

Limitation of Liability, Eurus avers as follows:

### FIRST DEFENSE

Omega's Complaint fails to state a claim upon which this Court can grant relief, as

Omega is not entitled to exoneration and/or limitation of liability under the Shipowner's

Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, because at least one requisite

1

element, lack of privity or knowledge, is absent in this case.

## SECOND DEFENSE

Eurus avers that the security posted by Omega is legally insufficient due to its failure to properly compute the fair market value of the F/V SANDY POINT and her pending freight as of 18 May 2011, and that the limitation fund is therefore invalid, and/or inadequate.

## THIRD DEFENSE

Without waiving and subject to any other defenses, Eurus specifically answers the individual allegations of Omega's Complaint using the article numbers set forth therein, upon information and belief, as follows:

1.

Eurus admits the allegations in article 1 of Omega's Complaint.

2.

Eurus lacks sufficient knowledge or information to admit or deny the allegations in article 2 of Omega's Complaint; however, to the extent a response is required, those allegations are denied.

3.

Eurus avers that the allegations contained in article 3 of Omega's Complaint call for legal conclusions, such that no answer is required by this claimant; however, to the extent a response is required, those allegations are admitted.

4.

Eurus avers that the allegations contained in article 4 of Omega's Complaint call for legal conclusions, such that no answer is required by this claimant; however, to the extent a

response is required, those allegations are admitted.

5.

Eurus denies the allegations in article 5 of Omega's Complaint, except to admit that on 18 May 2011, the F/V SANDY POINT suddenly and without warning turned to port as it was about to pass the M/V EURUS LONDON, which was in the Gulfport Ship Channel near Ship Island in Mississippi territorial waters, and struck the port bow of the M/V EURUS LONDON.

6.

Eurus lacks sufficient knowledge or information to admit or deny the allegations in article 6 of Omega's Complaint; however, to the extent a response is required, those allegations are denied.

7.

Eurus denies the allegations in article 7 of Omega's Complaint.

8.

Eurus denies the allegations in article 8 of Omega's Complaint.

9.

Eurus lacks sufficient knowledge or information to admit or deny the allegations in article 9 of Omega's Complaint; however, to the extent a response is required, those allegations are denied.

10.

Eurus denies the allegations in article 10 of Omega's Complaint, except to admit Omega's Complaint was filed within six months of the casualty.

11.

Eurus denies the allegations in article 11 of Omega's Complaint, except to admit that a stipulation for value has been filed.

12.

Eurus denies the allegations in article 12 of Omega's Complaint.

13.

Eurus specifically denies each and every allegation set forth in the unnumbered introductory paragraph and prayer for relief of Omega's Complaint, except as otherwise admitted herein.

## FOURTH DEFENSE

Without waiving and subject to any other defenses, Eurus pleads as a defense the terms and conditions of the applicable contracts of carriage, including but not limited to, bills of lading, time charter party(ies) and/or any other further contractual documentation as may be applicable in the premises.

## FIFTH DEFENSE

Without waiving and subject to any other defenses, Eurus would show as a defense to the Complaint that the damages, if any, arising from this incident, were the result of acts or omissions of third parties beyond its control and for whom it is not legally responsible.

## SIXTH DEFENSE

Without waiving and subject to any other defenses, Eurus reserves the right to seek indemnity and/or contribution from Omega for all personal injuries, wrongful death, and other damages allegedly occurring as a result of the incident which forms the basis of this

case, to the extent such claims have or may be brought against Eurus and/or the M/V EURUS LONDON after the deadline for filing claims elapses in this proceeding.

### SEVENTH DEFENSE

Without waiving and subject to any other defenses, Eurus pleads the affirmative defenses of assumption of the risk, contributory negligence, estoppel, injury by fellow servant and laches.

### EIGHTH DEFENSE

Without waiving and subject to any other defenses, Eurus pleads as a defense the general maritime law, and any other case, law, statute or provision which may ultimately be applicable.

WHEREFORE, premises considered, Eurus prays that this Honorable Court:

(1) Deny Omega's claims for limitation of or exoneration from liability, and dismiss all such claims with prejudice;

(2) Award Eurus directly, and/or by way of indemnity or contribution, its full measure of damages in this case, including but not limited to:  damage to the M/V EURUS LONDON; loss of use of the M/V EURUS LONDON; lost hire; survey fees; wrongful death and personal injury damages and claims; cargo damages and claims; delay and disruption to the business activities and operations of Eurus; various administrative expenses incurred as a result of this incident and its aftermath; and available and reasonable attorney's fees, costs and litigation expenses; and

(3) Grant Eurus all such other and further relief, at law or in equity, special or

general, as may be just and proper.

### VERIFIED CLAIM AGAINST
### <u>OMEGA PROTEIN, INC.</u>

AND NOW, for its Verified Claim against OMEGA PROTEIN, INC., (hereinafter "Omega"), Eurus would show the Court, upon information and belief, the following:

I.

This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h), Fed. R. Civ. P.  This Court has jurisdiction to adjudicate this case under 28 U.S.C. § 1333.

II.

Eurus, was, and now is, a limited liability company organized and existing under and by virtue of the laws of the Republic of the Marshall Islands, and was, and now is, the owner of the M/V EURUS LONDON, a vessel within the meaning of 1 U.S.C. § 3 and 46 U.S.C. § 30501 <u>et</u> <u>seq.</u>

III.

Omega is a foreign corporation or other business entity, which owned, operated managed and/or controlled the F/V SANDY POINT, and which already has appeared in this action through counsel of record.

IV.

The M/V EURUS LONDON (Official No. 13340) is a Liberian-flagged vessel which has a length overall of 192.28 meters, a breadth of 27.20 meters, a depth of 14.80 meters, and tonnage of 19,595 gross tons, and 5878 net tons.

6

V.

On 18 May 2011, the M/V EURUS LONDON was at all times tight, staunch, and seaworthy, was properly manned and was in all respects fit for her intended voyage.

VI.

The M/V EURUS LONDON departed the Port of Gulfport, with a local Pilot onboard, via the Gulfport Ship Channel ("GSC") at approximately 1930 hours on 18 May 2011, destined for Freeport, Texas.

VII.

The M/V EURUS LONDON followed the Dredge BAYPORT, as the vessels proceeded outbound in the GSC.

VIII.

As the EURUS LONDON approached Ship Island outbound in the GSC, the F/V SANDY POINT, a fishing vessel owned and operated by Omega Protein, Inc. ("Omega"), was proceeding outside the GSC and called on VHF Channel 16 to arrange a port-to-port passing with the dredge.

IX.

After the dredge and the fishing vessel communicated, the Pilot on the M/V EURUS LONDON advised the SANDY POINT that the M/V EURUS LONDON was also outbound in the GSC and following behind the dredge.  The Pilot and the SANDY POINT also agreed on a port-to-port passage.

X.

Shortly thereafter, the M/V EURUS LONDON called the SANDY POINT and requested

that the fishing vessel leave the channel to give the EURUS LONDON room to remain in the center of the channel.  The SANDY POINT agreed to stay outside the GSC – to the east of the GSC – as the vessels passed.

XI.

The SANDY POINT was running east of and outside the GSC, while the EURUS LONDON proceeded in the middle of the GSC as the vessels approached one another properly shaped up for the agreed port-to-port meeting.  At that time, the passage was progressing as planned.

XII.

As the vessels were approaching the meeting, the SANDY POINT suddenly made an unexpected, unannounced turn of approximately 90° or more to her port and struck the M/V EURUS LONDON's bulbous bow on the port side.  The SANDY POINT's unexpected change of course happened so quickly that the M/V EURUS LONDON had no time to take any evasive action whatsoever to avoid the collision.

XIII.

As a result of the collision, the SANDY POINT sank with sixteen (16) crewmembers on board.  Three (3) crewmembers perished in the accident, while thirteen (13) crewmembers were rescued – one or more of whom may claim they sustained injury as a result of this accident, which was solely caused by the SANDY POINT.

XIV.

The foregoing incident and resulting losses and damages, if any, were neither caused nor contributed to by any fault, neglect, want of care, design, or defect on the part of

Eurus or the unseaworthiness of the M/V EURUS LONDON but, on the contrary, were caused solely by negligence or fault of the SANDY POINT and/or her owners, operators and crew and/or the unseaworthiness of the SANDY POINT.

XV.

The aforementioned incident, and resulting losses and damages, if any, liability for all of which are specifically denied, were done, occasioned and incurred without the fault, privity or knowledge of Eurus.

XVI.

As a direct result of the incident, certain litigation has been or will be filed on behalf of allegedly aggrieved parties in which Eurus has or may be named as a defendant and compelled to retain counsel to proceed with the defense of those matters and other anticipated lawsuits.  Eurus has also sustained other financial losses as a direct result of this incident.

XVII.

The collision was not caused or contributed to, by any fault by omission or commission, on the part of Eurus, its employees, agents, servants, or others for whom Eurus is legally responsible.

XVIII.

The collision and resulting loss and damages were proximately caused or contributed to by the fault, negligence or error on the part of those in charge of the navigation or operation, management or control of the involved vessel or vessels.  Said acts and/or omissions on the part of Omega or those acting on Omega's behalf, constituted fault

9

or negligence and/or an unseaworthy condition or conditions aboard the F/V SANDY POINT for which Omega is liable.

XIX.

Eurus denies any liability whatsoever for any parties' claims arising out of or in any way connected with this incident. In the alternative, should Eurus be held liable in whole or in part for any parties' claims, Eurus demands contribution and/or indemnity from Omega.

XX.

Eurus also seeks recovery against Omega for all damages incurred or to be incurred by Eurus in this case, including but not limited to: damage to the M/V EURUS LONDON; loss of use of the M/V EURUS LONDON; survey costs; loss of hire; delay and disruption to the business activities and operations of Eurus; administrative expenses; and any other costs and expenses related to the incident.

XXI.

Eurus also seeks recovery of available, necessary and reasonable attorney's fees that it may or will incur in the defense of any present or future claims arising out of the incident.

XXII.

All and singular, the premises of this claim are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Eurus prays that this Court:

1.      Deny Omega's claims for limitation of or exoneration from liability in its

entirety, and dismiss such claims with prejudice;

2.    In the alternative, should Eurus be found liable in whole or in part for any parties' claims, award Eurus contribution and indemnity from other parties who may be liable for such damages, including Omega;

3.    Award Eurus directly, and/or by way of indemnity or contribution, its full measure of damages in this case, including but not limited to: damage to the M/V EURUS LONDON; loss of use of the M/V EURUS LONDON; survey costs; loss of hire, damages for delay and disruption to the business activities and operations of Eurus; administrative expenses; any other costs and expenses incurred as a result of the incident; and available and reasonable attorney's fees, costs and litigation expenses;

4.    In the alternative, should the stay of the litigation currently in place be lifted by this court, then in that event, Eurus respectfully requests that Eurus be permitted to file and prosecute its cross-claims or cross-actions for damages, contribution and/or indemnity as may be appropriate in any such litigation; and

5.    Grant Eurus all such other and further relief, at law or in equity, special or general, as may be just and proper.

11

Respectfully Submitted:

BYRD & WISER

_/s/  Robert A. Byrd_____
Robert A. Byrd, Esq. (MS Bar #7651)
rab@byrdwiser.com
Attorneys at Law
145 Main Street
P.O. Box 1939
Biloxi, MS 39533
(228) 432-8123
(228) 432-7029 (fax)

OF COUNSEL:
MURPHY, ROGERS, SLOSS & GAMBEL
E. Carroll Rogers (#11421)
crogers@mrsnola.com
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
John H. Musser, V (#22545)
jmusser@mrsnola.com
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA  70139
Attorneys for Eurus London LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this  11 July 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

_/s/  Robert A. Byrd_____