UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


IN THE MATTER OF THE COMPLAINT
OF OMEGA PROTEIN, INC.
OWNER OF F/V SANDY POINT                              C.A. NO. 1:11-CV-215-HSO-JMR
FOR EXONERATION FROM AND/OR
LIMITATION OF LIABILITY


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PAMELA M. TUCKER, AS PERSONAL
REPRESENTATIVE OF LINDSEY A. TUCKER                   PLAINTIFF

VERSUS                                               C.A. NO. 1:11-CV-308-LG-RHW

OMEGA PROTEIN, INC., EURUS LONDON,
LLC AND GREAT WHITE FLEET LINER
SERVICES, LTD., F/K/A GREAT WHITE
FLEET (US) LTD.                                      DEFENDANTS


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


## GREAT WHITE FLEET LTD.'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT FOR DAMAGES AND CROSS-CLAIM

NOW INTO COURT, through undersigned counsel, comes Defendant, Great White Fleet

Ltd. (Great White), who responds to Plaintiff's First Amended Complaint as follows:

FIRST DEFENSE

This Honorable Court lacks personal jurisdiction over Great White.

SECOND DEFENSE

Plaintiff fails to state a cause or right of action upon which relief may be granted.

1

## THIRD DEFENSE

Great White avers that Plaintiff's damages, if any, were caused or contributed to by the fault and/or negligence of third parties for which Great White may not be held legally responsible.

## FOURTH DEFENSE

And now, without waiving the defenses stated above, Great White responds to the individual allegations of Plaintiff's First Amended Complaint as follows:

1.

Paragraph 1 states a conclusion not requiring an answer from Great White. To the extent Paragraph 1 states any allegations against Great White, the allegations are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

2.

Paragraph 2 states a conclusion not requiring an answer from Great White. Great White Fleet Ltd denies that Great White Fleet Liner Services, Ltd., F/K/A Great White Fleet (US) Ltd., should be a Defendant herein. Rather, the proper name for this Defendant is Great White Fleet Ltd. To the extent Paragraph 2 states any allegations against Great White, the allegations are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

3.

Paragraph 3 of Plaintiff's First Amended Complaint states a legal conclusion not requiring an answer from Great White. To the extent Paragraph 3 states any allegations against Great White, the allegations are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

4.

Paragraph 4 of Plaintiff's First Amended Complaint states a conclusion not requiring an answer from Great White.  To the extent Paragraph 4 states any allegations against Great White, the allegations are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

5.

The allegations contained in Paragraph 5 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

6.

The allegations contained in Paragraph 6 relative to Great White are denied.  Great White was merely the time charterer of the EURUS LONDON.  Great White neither owned nor operated the vessel.  The remaining allegations of Paragraph 6, if any, are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

7.

Great White admits that a collision occurred between the F/V SANDY POINT and the EURUS LONDON on 18 May 2011 in the Gulfport Ship Channel.  The remaining allegations contained in Paragraph 7 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to form a belief in the truth thereof.

9.

The allegations contained in Paragraph 9 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

10.

The allegations contained in Paragraph 10 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

11.

Paragraph 11 states a conclusion not requiring an answer from Great White. To the extent Paragraph 11 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

12.

Paragraph 12, including its subparts, does not state an allegation requiring an answer from Great White. To the extent Paragraph 12 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

13.

The allegations contained in Paragraph 13, including its subparts, are denied.

14.

The allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 are denied. Plaintiff has not established that Great White committed a statutory violation so as to trigger application of the Pennsylvania Rule.

16.

The allegations contained in Paragraph 16 are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.  Further, Great White demands Plaintiff bring strict proof of any and all damages.

17.

Paragraph 17 does not require Great White to answer.  To the extent Paragraph 17 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

18.

Paragraph 18 does not require Great White to answer.  To the extent Paragraph 18 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

19.

Paragraph 19 does not require Great White to answer.  To the extent Paragraph 19 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

20.

Paragraph 20 does not require Great White to answer.  To the extent Paragraph 20 states any allegations against Great White, they are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

## FIFTH DEFENSE

Great White specifically denies any liability to the Plaintiff under any theory of recovery. Great White specifically reserves its right to plead additional defenses or respond in more detail to the First Amended Complaint as further investigation and discovery are conducted.

## SIXTH DEFENSE

Great White denies the truth of any allegations contained in the First Amended Complaint not specifically admitted herein, including any allegations in any unnumbered paragraph and/or the prayer(s).

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## CROSS-CLAIM AGAINST EURUS LONDON, LLC AND OMEGA PROTEIN, INC.

And now, assuming the position of cross-claimant, and pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Great White Fleet Ltd. (Great White), respectfully alleges and avers the following:

## I.

This is an admiralty and maritime claim within the meaning of Rules 9(h) of the Federal Rules of Civil Procedure.   In accordance with Rule 13(g) of the Federal Rules of Civil Procedure, cross-claimant, Great White, hereby demands judgment against cross-defendants, Eurus London, LLC and Omega Protein, Inc., for remedy over, contribution, indemnity or otherwise on account of the collision described in Plaintiff's First Amended Complaint for Damages.

II.

Defendant and cross-claimant, Great White, is a foreign company with its principal place of business in Hamilton, Bermuda.

III.

Defendant and cross-defendant, Eurus London, is a foreign limited liability company which is doing business within this Court's jurisdiction.

IV.

Defendant and cross-defendant, Omega Protein, is a foreign corporation doing business within this Court's jurisdiction.

V.

This cross-claim arises from a collision between the F/V SANDY POINT, owned and operated by co-defendant and cross-defendant Omega Protein, Inc., and the M/V EURUS LONDON, owned and operated by co-defendant and cross-defendant Eurus London, which occurred on or about 18 May 2011 and is also the subject matter of the original action.  The SANDY POINT sank after the collision.

VI.

Defendant and cross-claimant, Great White, was the time charterer of the M/V EURUS LONDON at all times relevant to the original complaint and this cross-claim.

VII.

The collision occurred from no fault on the part of Great White or any person or persons for whom Great White might be liable.  Rather, the acts and/or omissions of Omega Protein, Inc. and/or Eurus London are responsible for the collision.

VIII.

Cross-claimant avers that any alleged damages sustained by Plaintiff were due in whole or in part to the acts, omissions and/or the fault of cross-defendants Eurus London and/or Omega Protein, including the following non-exclusive list of particulars:

A.  Failure to maintain the SANDY POINT in a seaworthy condition;

B.  Failure to follow notice to mariners;

C.  Failure to exercise proper seamanship;

D.  Failure to maintain proper lookout;

E.  Failure to properly maintain safe speed;

F.  Failure to navigate in the proper channel;

G.  Failure to comply with applicable Rules of the Road;

H.  Failure to follow the Rivers and Harbors Act;

I.  Failure to display proper day shapes and/or navigational lights;

J.  Failure to take early and appropriate action to avoid risk of collision;

K.  Failure to use all available means and equipment to determine whether a risk of collision exists;

L.  Improperly licensed and/or improperly trained crew;

M.  Any and other acts or omissions identified in discovery.

IX.

Accordingly, if there should be judgment against cross-claimant, Great White is entitled to recover the amount of such judgment, in whole, plus attorney's fees and defense costs by way of indemnity, contribution, or otherwise from cross-defendants, Eurus London and/or Omega

Protein, and there should be judgment in favor of cross-claimant against cross-defendants to the full extent of any such judgment, plus costs and attorney's fees.

X.

If Great White is assessed with any fault for the collision, such fault was passive and secondary, and the negligence or other fault of Eurus London and/or Omega Protein was active and primary, entitling Great White to indemnity, contribution and/or recovery over for any judgment that may be entered against Great White herein.

XI.

At all relevant times, the time charter agreement between Great White and Eurus London required Eurus London to defend, indemnify and hold harmless Great White against claims of the nature asserted by the Plaintiff in the main demand, Pamela M. Tucker, as personal representative of Lindsey A. Tucker.  By virtue of the indemnity and insurance provisions contained in the time charter agreement, Great White is entitled to defense, indemnity and to be held harmless from the claim of the Plaintiff in the main demand by Eurus London.

WHEREFORE, Great White prays that this Answer to the Complaint of Pamela M. Tucker, as personal representative of Lindsey A. Tucker, be deemed good and sufficient and that after due proceedings are had, there be judgment herein dismissing all claims against Great White Fleet Ltd. with prejudice and at Plaintiff's cost.

Great White further prays that Defendant Eurus London, LLC be served with a copy of this cross-claim, and that after due proceedings are had, there be judgment in favor of Great White and against Eurus London, LLC for all cost of these proceedings, including all defense costs, litigation expenses, and attorney's fees.  Further, to the extent Great White is cast in judgment to the original Plaintiff, Great White is entitled to a judgment against Eurus London,

9

LLC to the full extent of such judgment, by way of contractual indemnity, contribution, recovery over and otherwise.

Great White further prays that Defendant Omega Protein, Inc. be served with a copy of this cross-claim, and after due proceedings are had, to the extent Great White is cast in judgment to the Plaintiff in the main demand, Great White is entitled to a judgment against Omega Protein, Inc. for contribution, indemnity, recovery over and/or otherwise, along with all costs of litigation.

Further, Great White prays for all general and equitable relief as the nature of the case may permit.

Respectfully submitted, this 20th day of September, 2011.

Great White Fleet Ltd.

BY: FOWLER, RODRIGUEZ VALDES-FAULI

*/s/ Todd G. Crawford*
John A. Scialdone, Esq. (9524)
Todd G. Crawford, Esq. (102620)
2505 14th Street, Suite 500
P.O. Box 4080 (39502)
Gulfport, MS 39501
Telephone: (228) 822-9340
Facsimile:  (228) 822-9343
jscialdone@frvf-law.com
tcrawford@frvf-law.com

AND

Gregory Barnett, Esq.
Casey & Barnett LLC
65 West 36th Street, 9th Floor
New York, NY 10018
Telephone:  (212) 286-0225
Facsimile:  (212) 286-0261
ggb@caseybarnett.com
*Application for Pro Hac Vice Admission pending*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this date filed the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

This the 20th day of September, 2011.

*/s/ Todd G. Crawford*